14633

HILTON v. TRAVELERS INS. CO.

(195 S. E., 629)

 April, 1935.

*Messrs. Spencer & White* and *McDow & Hildebrand*, for appellant,

*Messrs. Finley & Spratt,* for respondent,

March 8, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This was an action to recover of respondent total and permanent disability benefits in the sum of $1,000.00 the face amount of a certificate or policy of insurance issued to appellant, pursuant to the terms of a group policy issued by respondent to Highland Park Manufacturing Company, insuring the lives of its employees, and carrying a permanent and total disability clause, while the employee worked in the mills of Highland Park Manufacturing Company, named in the policy, but for the purposes of this case may be confined to its mill No. 2, Rock Hill, S. C., this being the only one of its mills at which appellant was ever employed.

The group policy under which the certificate sued upon was issued had the effective date of November 2, 1926, the premiums thereon being payable semi-annually in advance on May 2, and November 2, although there was a grace period of 31 days, except for the first premium, and was renewable from year to year for five years, from November 2, 1926, at the same schedule of rates, and at the expiration of which time (November 2, 1931), if renewed, the premiums were

to be computed upon the basis of the schedule of rates then determined by the respondent upon the basis of its experience. All premiums were advanced by Highland Park Manufacturing Company, but under the terms of the application for the insurance, it was permitted to collect not more than 15 cents per week per $1,000.00 insurance from its employees taking advantage of the insurance; and this it did by deducting this amount from the weekly pay roll.

The appellant entered the employ of Highland Park Manufacturing Company in 1928, and was issued a certificate. In addition to the life feature, the policy provided for the payment to an employee, while in the employ of said manufacturing company at its mill No. 2, Rock Hill, S. C., the face of the certificate, $1,000.00, if such employee became wholly and permanently disabled by bodily injury or disease while said policy was in force and effect.

Shortly after making the May 2, 1931, payment of premium, to wit, May 23, 1931, the Highland Park Manufacturing Company closed its mills "temporarily indefinitely," and its employees were notified to get work elsewhere if they could, but were told to continue to occupy the homes furnished them by Highland Park Manufacturing Company, rent free, to such time as it could commence operating again; that it did not care to break up its organization while shut down. As November 2, 1931, approached, and there was no hope of opening for operations at any time in the near future, and it being necessary to enter upon a new schedule of rates, in effect a new insurance contract, if a group insurance policy was to be continued; and although the policy of insurance carried with respondent automatically expired on November 2, 1931, the manufacturing company wrote the respondent to cancel the insurance on its said expiration date, which it did.

Following the closing of the mills of Highland Park Manufacturing Company, and in July, 1931, appellant procured employment with Aragon-Baldwin Cotton Mill, a corporation unaffiliated with Highland Park Manufacturing Com-

pany, and continued to work there as a card hand, the same work he was engaged in with Highland Park Manufacturing Company, until November 6, 1931, when he suffered the loss of two fingers of his right hand, the basis of his claim for total and permanent injury.

Appellant made several payments on premiums to Highland Park Manufacturing Company while working for the Aragon-Baldwin Cotton Mill, but it is not contended that any premiums were paid by appellant to any one which were applicable to any policy which could have been in force after November 2, 1931.

The answer of respondent to the complaint of appellant, among other defenses, pleaded that appellant was not disabled by bodily injury or disease during any time he was in the employ of Highland Park Manufacturing Company, and that the policy was not in effect on November 6, 1931, the date of the alleged injury to appellant.

Upon a trial of the case, and at the conclusion of the testimony, respondent moved for a directed verdict upon five grounds, but we set forth only the first two, which are as follows:

"1. That the plaintiff, Henry A. Hilton, was not an employee of The Highland Park Mfg. Co. at the time of the injury complained of, and the insurance had ended when his employment had ended, as provided in the terms of the said policy.

"2. That the policy of insurance under which the plaintiff seeks to recover was a one-year renewable term policy which expired on November 2, 1931, and was not in force on November 6, 1931, when the alleged disability occurred."

The trial Judge granted the motion for a directed verdict on the grounds that appellant was not in the employ of respondent when injured; and that the policy on the date of his injury was not in force.

While it becomes immaterial, we will here state that appellant sued the Aragon-Baldwin Mill for the loss of his two fingers and recovered $1,666.75. He alleged in his complaint

against the Aragon-Baldwin Mill that he was employed by it.

If the injury to appellant had occurred at any time prior to 12:01 p. m., November 2, 1931, under the case of *Greer v. Equitable Life Assur. Soc.,* 180 S. C., 162, 185 S. E., 68, and the provision of the group policy relating to "temporary layoff or leave of absence." it would be necessary to discuss somewhat at length the first ground upon which the trial Judge directed the verdict. We see no reason, however, to more than briefly discuss the ground that at the time of the alleged injury, the policy was not in force.

The record discloses that the policy or contract of insurance sued upon was not, strictly speaking, canceled, but automatically terminated on November 2, 1931, and a new contract was not entered into. The appellant is bound by the terms of the contract of insurance.

The only "conversion privilege" we find in the record is the following: "Any Employee of the Employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the Company without further evidence of insurability, and upon application made to the Company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any one of the forms customarily issued by the Company, except term insurance, with Permanent Total Disability Benefit equivalent to that provided hereunder, in an amount equal to the amount of the Employee's protection under this policy at the time of the termination of his employment."

It is the contention and theory of appellant that his employment with Highland Park Manufacturing Company had not been terminated.

The judgment appealed from is affirmed.

MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> S<small>TABLER</small> and M<small>R</small>. J<small>USTICE</small> C<small>ARTER</small> did not participate on account of illness.